HALL prosecuted two suits against Forqueran, and recovered judgments at law. One was on a note for one hundred and twenty three dollars and fifty cents, bearing date the 25th of August 1807, without any time mentioned for payment; the other was ón a note for. one hundred and forty-four dollars, bearing date the 26th of September' 1807, and payable oñ demand. To be relieved from these judgments, Forqueran exhibited his bill in equity, with injunction. The bill admits the execution of the notes on which the judgments at law were recovered ; but alleges that they were given to secure the payment of money borrowed from Hall; that, as security for one of these .demands, Forqueran mortgaged a negro woman, named Sal, and delivered her into the possession of Hall; and to secure the payment of the other demand, Forqueran mortgaged a negro man, named Cuff, and delivered him into the possession of Hall The bill also charges, that the negro Sal has since had two children, and that Cuff has departed this life; that Hall has held the possession of the negroes such a length of time, as that the service of the negroes will be equal, if not above the amount duo to him for the money borrowed ; that Hall now refuses to restore the negroes or account for their service, alleging that he holds them by purchase, and not in mortgage. ■ The bill asks an account to be taken of the money borrowed, and the hire of the negroes, and prays that Hall may *330 be compelled, after receiving what may be found to be due him, if any there may be, to restore the negro Sal and her children, and for such other relief as may be consistent with equity, &c.
Hall answers, admitting the execution of the notes by Forqueran ; but denies that the negroes, Sal and Cuff, were mortgaged to secure the payment of the money mentioned in the notes. He alleges that he purchased of Forqueran both those negroes, for a full and valuable consideration, paid at the time of the purchase. The negro Sal, he alleges, was first purchased, and an absolute bill of sale for her executed by Forquer&ri io him. lie exhibits an absolute bill of sale from Forqueran to him for the negro woman Sal, bearing date the 3d of February 1806, the time when he alleges she was purchased by him. He exhibits a bill ofsale.from Forqueran to him for Cuff, bearing date the 20th of March 1807, the time when he alleges Cuff was purchased. To the bill of sale for Cuff, he admits there was attached a provision, that he would surrender up Cuff to Forqueran, if Forqueran should pay him one hundred and sixty.two dollars, within twelve months from the date of the bill of sale j but he charges that the provision so attached was barely a conditional stipulation for the re-sale of Cuff to Forqueran, and was not intended as a mortgage. He denies that any part of the money for Cuff has ever been paid or tendered, according to the provision of re-sale ; alleges that neither of the notes upon which judgments have been recovered by him at law, were given for any part of the money for either of the negroes, but charges that those notes were given on other considerations, and for further advancements of money by him to For„ queran. He admits the death of Cuff, and insists that the injunction should be dissolved and the bill dismissed, &c. '
The court below was of opinion that both of the negroes had been mortgaged to secure the debts mentioned in the notes, and after causing an account to be taken of the amount of the judgments at law, and the hire of the negroes, made a decree adjusting those accounts, and ordering tiie negro Sal and her children to be delivered up to Forqueran, &c. &c. From that de^ cree Hall has appealed to this court.
*331 From the preceding statement, it will be readily perceived that this contest must turn mainly on the question, whether or not Forqueran sold the negroes unconditionally to Hall, or mortgaged them to him to secure the payment of money loaned. To that object each party directed his attention in the preparation of the cause, and by a multitude of depositions have swelled the record to an unusual and extraordinary bulk, We have not, however, deemed it necessary to enter on a minute discussion of all the facts and circumstances contained in the record. To do so, would be encountering a task which would be neither useful as a precedent in other cases, nor of any benefit to the parties to the present contest. It is proper, however, tp remark, that as respects the negro Sal, w7e are of opinion that the weight of evidence is decidedly against the conclusion drawn by the court below. The bill of sale given for her, is ngt only absolute on its face, but the subscribing witnesses prove the sale of her to have been unconditional $ and there is no opposing testi. mony, which, in our opinion, according to any fair and rational interpretation, ought to be construed to do away the effect of that evidence. We cannot give to the inspection of the bill of sale executed for Sal, the same effect which seems to have been given to it by the court below. From an inspection of that bill of sale, the court below seems to have inferred, that one of its folds has been detached from it, since its execution by Forqueran, and has from thence concluded that the negro was not in fact sold by Forqueran, but mortgaged by him to Hall. But were the fact of one the folds of the bill of sale being detached therefrom, admitted, the propriety of the conclusion thence. Reduced by the court, could not be distinctly perceived. To justify such a conclusion, the detached part of the bill of sale should be proved to have contained something favorable to Forqueran’s right to redeem; and we have been unable to discover any evidence which can be admitted sufficient to prove such were the contents of that paper. Some of the witnesses speak of having seen in the possession of Hall, a scrap .of paper ahout the size of that which has been supposed to be detached from the bill of sale for Sal, containing thereon a stipulation favorable to Forqueran’s right to redeem her; but when considered in connexion with $e *332 other evidence in the cause, it is most probable, that scrap of paper spoken of by those witnesses, related to the right of Forqueran to redeem Cuff, or that it was one which, previous to Hall’s purchase, had been given by his father, who had taken a mortgage on Sal, from Forqueran ; for the proof is clear, that. Forqueran had mortgaged Sal to the father of Hall, and at- * tached to that bill of sale, was a provision allowing Forqueran the right to redeem •, and that upon the papers between the father and Forqueran being delivered up to be cancelled, the contract between Forqueran and the’appellant, Hall, was made.
With respect to the negro Cuff, the evidence is of a different complexion. It is not, however, of any consequence, in the present contest, whether Cuff was mortgaged or in fact sold by Forqueran to Hall. If mortgaged, we apprehend, Forqueran cannot be relieved ; for the amount which, in case of Cuff’s redemption, was to be paid Hall, and the interest, would be equal to the hire of Cuff, from the time Hall received him. until his death ; and the evidence is insufficient to establish the fact, that the notes upon which the judgments at law were obtained, w'ere given by Forqueran for the sum advanced by Hall when Cuff was received.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and the bill dismissed with costs and damages.